DAUKSCH, Judge,
concurring specially:
I concur with the result because I think the evidence is legally sufficient to convict. See Tibbs v. State, 397 So.2d 1120 (Fla.1981). Appellant’s husband had asked appellant before the robbery to drive him to “some different places, that he had to make some money. And I asked him, I said are you talking about robbery? And he says, well, either that or a drugstore where I can get some drugs so I won’t have to spend any money, you know, to go buy some. And I told him I didn’t want any part of it, you know, I didn’t wanna be stealing nothing and I didn’t wanna be any part of that at all. And that’s when he said, you’re my wife, you’re my legal wife. He said, yes, you are taking me to go in, you are going with me. So, I, that’s when we left, just started driving up and down the street.” Later, “He told me, he said, park the car here. He didn’t tell me he was going to rob it.” She parked the car in front of the drugstore while her husband went in and robbed the store at gunpoint. When he came out of the store she drove the car some four miles with the police in pursuit. That is enough evidence for the jury to decide whether she is guilty as a principal to armed robbery. Her husband told her he was going to commit a robbery, told her to drive the car.- She did. I do not think it is proper for this court to certify a conflict because I think the evidence is stronger here than in A.Y.G. v. State, 414 So.2d 1158 (Fla. 3d DCA 1982) and Gains v. State, 417 So.2d 719 (Fla. 1st DCA 1982). The principle in those cases is soundly based upon their factual settings.